UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WINE & CANVAS DEVELOPMENT, LLC, )<br>    *Plaintiff*, )<br>)<br>*vs.* )<br>)<br>RACHEL ROBERTS, *et al.*, )<br>    *Defendants.* ) | 1:12-cv-1752-JMS-TAB |

### ORDER

Plaintiff Wine & Canvas Development, LLC ("Wine & Canvas"), filed this action in Indiana state court, alleging that Defendants Rachel Roberts, Avraham Levi, and Las Vegas Bungee, Inc., d/b/a Design and Wine ("Design and Wine") (collectively, the "Defendants") violated the Lanham Act by infringing on Wine & Canvas' trademark through their website. [Dkt. 1-1 at 6-9, 18-52 (copy of images from Defendants' website).] Ms. Roberts removed this action to federal court in November 2012.[1]  [Dkt. 1.]

Wine & Canvas moved for Clerk's Entry of Default on January 16, 2013, after Defendants failed to answer or otherwise respond to its Complaint. [Dkt. 9.] Two days later, Ms. Roberts filed a Motion to Dismiss for Lack of Personal Jurisdiction. [Dkt. 11.] Those motions are presently pending before the Court.

    **A.  Motion for Clerk's Entry of Default**

Wine & Canvas asks the Court to deny Ms. Roberts' motion because she filed it after Wine & Canvas moved for a clerk's entry of default. [Dkts. 9; 14 at 2.] But Wine & Canvas ig-

---

[1] While all defendants typically must consent to removal under 28 U.S.C. § 1441, failure to do so is a procedural defect that must be raised within thirty days, 28 U.S.C. § 1447(c). *Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 770 (7th Cir. 2011). More than thirty days has passed since Ms. Roberts' unilateral removal, and Wine & Canvas has not objected.

- 1 -

nores the fact that Ms. Roberts timely filed her motion challenging personal jurisdiction and the propriety of venue just two days after Wine & Canvas' motion.  This was well within the time Ms. Roberts had to respond, S.D. Ind. L.R. 7-1(b), and before default was entered.

Moreover, even after default is entered, Federal Rule of Civil Procedure 55(c) provides that "for good cause shown, the court may set aside an entry of default.…"  A party seeking to vacate an entry of default prior to the entry of final judgment must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint," a test which is liberally applied, consistent with the policy of favoring a trial on the merits over default judgment.  *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009).  Where a party "did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence," and responds to the entry of default within a short time, it generally satisfies the test.  *Id*. at 631.

The Court finds that Ms. Roberts has not willfully ignored the pending litigation but, rather, timely raised the issues presented in her motion to dismiss after Wine & Canvas moved for default.[2]  Although Wine & Canvas properly notes that Ms. Roberts filed her motion on her own behalf, not on behalf of the other two defendants, her motion challenges the Court's personal jurisdiction and contains common attestations regarding the Defendants' business activities.  The Court may *sua sponte* raise an issue regarding its lack of personal jurisdiction over non-moving defendants.  *See Sun v. Asher*, 1992 U.S. App. LEXIS 20584 (7th Cir. 1992) ("Thus, this court *sua sponte* dismisses Sun's claim against Diana Jacobs because this court does not have personal

---

[2] Even considering the merits of Wine & Canvas' motion, the Court would have to deny its default request as to individual defendants, Ms. Roberts and Mr. Levi.  The Civil Servicemembers Relief Act ("CSRA") requires a plaintiff to file an affidavit "stating whether or not the defendant is in the military service and showing necessary facts to support the affidavit" before obtaining default. 50 App. U.S.C. § 521(b).  Wine & Canvas' affidavit, [dkt. 9-1], contains no attestations regarding the CSRA.

jurisdiction to hear a claim against her."); *AirFX, LLC v. Braun*, 2011 U.S. Dist. LEXIS 131629, *7-9 (S.D. Ind. 2011) (granting a defendant's motion to dismiss for lack of jurisdiction and *sua sponte* dismissing plaintiff's claims against a non-moving defendant for the same reasons); *First Nat. Bank of Louisville v. Bezema*, 569 F. Supp. 818, 819 (S.D. Ind. 1983) (holding that a court may *sua sponte* dismiss for lack of personal jurisdiction if appropriate where a defendant has not appeared). The Court finds this to be an appropriate case in which to do so. Accordingly, the Court denies Wine & Canvas' Motion for Clerk's Entry of Default, [dkt. 9], and turns to the merits of Ms. Roberts' motion.

### B. Motion to Strike Affidavit

Ms. Roberts has attached an affidavit to her motion attesting that she is married to Mr. Levi, that they are the sole owners of Design and Wine, that they have one store, that it is located in Las Vegas, and that they have never done business in Indiana. [Dkt. 11-1 at 2-3.] Ms. Roberts further attests that they have never contacted a business in Indiana, have never offered or sold any franchises in Indiana, have no bank accounts in Indiana, have no employees in Indiana, have no affiliates in Indiana, have not sold any services or gift certificates in Indiana, and have never purposefully targeted any residents of Indiana. [*Id.* at 3-4.] For these reasons, Ms. Roberts requests that the Court dismiss this action for lack of personal jurisdiction. [Dkt. 11 at 8.]

In response to Ms. Roberts' motion, Wine & Canvas moves to strike her affidavit. It points out various perceived defects in her attestations, including that she did not directly attest to her personal knowledge or her competence. [Dkt. 14 at 2-4.]

In reply, Ms. Roberts points out that as an owner of Design and Wine, she can attest to her knowledge of the corporation. [Dkt. 16 at 5-6.] She also emphasizes that she is presumed

competent and that Wine & Canvas, as the party raising the issue, cites no evidence that she is not.  [*Id.* at 6.]

"Rule 56 does not require affiants to affirmatively state that they are competent to testify. Moreover, other sources find that personal knowledge as related to competence may be inferred from the contents of an affidavit as a whole rather than from an explicit assertion that the affiant has personal knowledge for each statement in an affidavit."  *Credentials Plus, LLC v. Calderone*, 230 F. Supp. 2d 890, 904-05 (N.D. Ind. 2002) (citing *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir.1990) (holding that Rule 56's requirements of personal knowledge and competence to testify may be inferred from the affidavits themselves)); *see also* 11 Moore's Federal Practice § 56.14[1][c] (Matthew Bender 3d ed. 2002) ("Personal knowledge may also flow logically from the context of the affidavit.  For example ... corporate officers are presumed to have personal knowledge of the acts of their corporation.").

As a corporate officer of Design and Wine, Ms. Roberts is presumed to have personal knowledge of the acts of that business.  Moreover, her knowledge and competence can be inferred from the contents of her affidavit, and Wine & Canvas has not presented a specific argument or any evidence challenging those presumptions.  Accordingly, the Court denies Wine & Canvas' request to strike Ms. Roberts' affidavit.

### C. Personal Jurisdiction[3]

The parties dispute whether this Court has personal jurisdiction over the Defendants. Although a complaint does not need to include facts alleging personal jurisdiction, once a defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003); *see also Claus v. Mize*, 317 F.3d 725, 727 (7th Cir. 2003) ("The plaintiff bears the burden of showing that personal jurisdiction over the defendant exists."). Accordingly, Wine & Canvas bears the burden of showing that personal jurisdiction exists.

The Due Process Clause of the Fourteenth Amendment of the United States Constitution requires that before a state may exercise jurisdiction over a defendant, the defendant must have had certain "minimum contacts" with the state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Where, as here, jurisdiction is exercised on the basis of a federal statute that does not authorize nationwide service of process, 15 U.S.C. § 1121(a), the Court must look to the jurisdictional statutes of the forum state, *Annie Oakley Enterprises, Inc. v. Sunset Tan Corporate & Consulting, LLC*, 703 F. Supp. 2d 881 (N.D. Ind. 2010) (citing *United States v. Martinez De Ortiz*, 910 F.2d 376, 381 (7th Cir. 1990)). Indiana Trial Rule 4.4(A) serves as Indiana's long-arm provision and expands personal jurisdiction to the full extent permitted by the due process

---

[3] Wine & Canvas does not dispute the contents of Ms. Roberts' affidavit regarding Design and Wine's activities for purposes of personal jurisdiction. Because the Court concludes that there are no disputed material facts surrounding personal jurisdiction and none of the parties have requested an evidentiary hearing, a hearing is unnecessary. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002) ("If personal jurisdiction is challenged under Rule 12(b)(2), the court must decide whether any material facts are in dispute. If so, it must hold an evidentiary hearing to resolve them, at which point the party asserting personal jurisdiction must prove what it alleged.").

clause.  *Linkamerica Corp. v. Cox*, 857 N.E.2d 961, 965-66 (Ind. 2006).  Rule 4.4(A) provides "a handy checklist of activities that usually support personal jurisdiction but does not serve as a limitation on the exercise of personal jurisdiction" by Indiana courts.  *Id.* at 967.  Specifically, Rule 4.4(A) states, in relevant part:

> **Acts Serving as a Basis for Jurisdiction**.  Any … organization that is a non-resident of this state …, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:
>
> (1) doing any business in this state;
>
> \*\*\*
>
> (4) having supplied or contracted to supply services rendered or goods or materials furnished or to be furnished in this state;….

Two types of personal jurisdiction exist—general jurisdiction and specific jurisdiction. Wine & Canvas does not argue that this Court has general jurisdiction over the Defendants, which would require that the Defendants have "continuous and systematic contacts" with Indiana that "approximate physical presence."  *See Purdue Research Found.*, 338 F.3d at 787 ("General jurisdiction is permitted only where the defendant has continuous and systematic general business contacts with the forum.  These contacts must be so extensive to be tantamount to [the defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in an Indiana court in any litigation arising out of any transaction or occurrence taking place anywhere in the world.") (citations omitted).  Instead, Wine & Canvas asks the Court to exercise specific personal jurisdiction.

For a Court to exercise specific jurisdiction, the defendant must have purposefully availed itself of the privilege of conducting activities within the forum so that the defendant may reasonably anticipate being haled into court there.  *Int'l Shoe*, 326 U.S. at 319 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)).  Specific jurisdiction requires only a

minimum of contacts, but it requires that the controversy be related in some way to the defendant's contact with the forum. *Id.* "[S]pecific jurisdiction requires that the suit 'arise out of' or 'be related to' [defendant's] minimum contacts with the forum state." *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

The Court concludes that it does not have specific jurisdiction over the Defendants in this case. Wine & Canvas' sole argument is that the Defendants' website supports specific jurisdiction because Design and Wine holds itself out as a "tourist attraction", which Wine & Canvas contends "purposefully aims its advertising toward the State of Nevada and all other States (including, Indiana) to obtain customers." [Dkt. 14 at 7.] But Wine & Canvas specifically ignores Ms. Roberts' attestations that the Defendants have never contacted a business in Indiana, have never offered or sold any franchises in Indiana, have no bank accounts in Indiana, have no employees in Indiana, have no affiliates in Indiana, have not sold any services or gift certificates in Indiana, and have never purposefully targeted any residents of Indiana. [Dkt. 11-1 at 3-4.] As other cases have emphasized, "the mere existence of nationally-accessible websites is a poor foundation on which to base personal jurisdiction." *AirFX, LLC v. Braun*, 2011 U.S. Dist. LEXIS 131629, *7-9 (S.D. Ind. 2011) (citing *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1349 (D.C. Cir. 2000) (holding that "personal jurisdiction surely cannot be based solely on the ability of District residents to access the defendants' websites, for this does not by itself show any persistent course of conduct by the defendants in the District")); *see also Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 549-51 (7th Cir. 2004) ("The exercise of personal jurisdiction based on the maintenance of a passive website is impermissible because the defendant is not directing its business activities toward consumers in the forum state in particular."). Although Ms. Rob-

erts admits that Design and Wine sells gift certificates on its website, Wine & Canvas does not challenge her attestation that they are not marketed towards Indiana and, in fact, none have been sold in Indiana. [Dkt. 11-1 at 4.] This is not surprising because the gift certificates must be redeemed at Design and Wine's store in Nevada, which is approximately 1,800 miles from this District.

Accepting Wine & Canvas' argument would result in personal jurisdiction in Internet-related cases in every forum in the country. *AirFX*, 2011 WL 5523521 at *3. That "would go against the grain of the Supreme Court's jurisprudence which has stressed that, although technological advances may alter the analysis of personal jurisdiction, those advances may not eviscerate the constitutional limits on a state's power to exercise jurisdiction over nonresident defendants." *Jennings v. AC Hydraulic A/S,* 383 F.3d 546, 549-51 (7th Cir. 2004). Wine & Canvas has wholly failed to satisfy its burden as the plaintiff to show that the Defendants did anything to purposefully direct their business activities toward consumers in Indiana, such that they could reasonably anticipate being haled into court here. *Int'l Shoe*, 326 U.S. at 319. Accordingly, this Court does not have personal jurisdiction over the Defendants in this action.[4]

**D. Conclusion**

For the reasons detailed herein, the Court **GRANTS** Ms. Roberts' Motion to Dismiss for Lack of Personal Jurisdiction, [dkt. 11], and **DISMISSES** Wine & Canvas' claims against all of the Defendants **WITHOUT PREJUDICE** for lack of personal jurisdiction. Wine & Canvas'

---

[4] Given this conclusion, the Court denies Ms. Roberts' alternate request to transfer this action to the district court in Nevada as moot. [Dkt. 11 at 8-9.] The Court notes that in response to the venue argument, Wine & Canvas argues that Ms. Roberts cannot challenge venue since she removed the case to federal court. [Dkt. 14 at 8.] To be clear, that argument does not apply to the Court's analysis regarding personal jurisdiction because even after an action is removed to federal court, a defendant can still timely challenge personal jurisdiction. *See, e.g.*, *Ruhrgas Ag. v. Marathon Oil Co.*, 526 U.S. 574, 579 (1999) (affirming a decision dismissing a defendant from the case for lack of personal jurisdiction after that defendant removed the case to federal court).

Motion for Clerk's Entry of Default, [dkt. 9], is **DENIED**.  Judgment will enter accordingly, and the Clerk is directed to **CLOSE** this case on the Court's docket.

03/15/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

RACHEL ROBERTS
3395 S. Jones Blvd #484
Las Vegas, NV 89146

**Distribution via ECF only:**

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com